# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SETONDJI VIRGILE NAHUM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-cv-1524-RWS |
| LMI AEROSPACE, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon *pro se* plaintiff Setondji Virgile Nahum's motion for leave to proceed *in forma pauperis.* Upon review and consideration of the motion and the financial information provided therein, the Court finds that plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. Additionally, the Court will direct plaintiff to file an amended complaint, along with a copy of the charge of discrimination form he filed with the Equal Employment Opportunity Commission ("EEOC").

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 against LMI Aerospace, Inc. (also "LMI") and three individuals. He identifies the individuals by name and title as follows: Brandy Hadgedorn, Human Resources Manager; Beverly Green, Interim Quality Manager; and Tad Dewalt, General Manager. Although the complaint is unnecessarily long and repetitive, it is clear that plaintiff claims he suffered racial discrimination when he was subjected to unequal terms and conditions of employment, and wrongfully terminated. His allegations in support include the following.

Plaintiff began working for LMI on March 2, 2020. During his employment, unidentified

individuals expected him to "assist in a lower and different role as an interim until the position is filled" instead of performing the job for which he was hired. (ECF No. 1 at 5-6). Plaintiff believes white employees should have performed that role to allow him to focus on the job for which he was hired. Unidentified individuals subjected plaintiff to stricter scrutiny and treated him differently than white employees, complaints were not filed against white employees, and unidentified individuals subjected plaintiff to sabotage, theft, and false accusations. Plaintiff was wrongfully issued a safety violation after he was wrongfully accused of failing to wear safety glasses on the manufacturing floor.

On May 22, 2020 "without any notification, [plaintiff] was called into a meeting by the interim quality manager and informed by the human resource manager that his employment was being immediately terminated. No justification, reason or explanation was given to the plaintiff for this sudden termination." *Id.* at 11. Elsewhere in the complaint, plaintiff states the meeting was held by defendants DeWalt, Hadgedorn and Green. *See id.* at 5. In conclusion, plaintiff avers he was subjected to racial discrimination and treated differently than white employees and terminated without cause, and LMI is therefore liable under Title VII.

## Discussion

The Court first addresses plaintiff's claims against LMI. Title VII prohibits employers from discriminating against employees on the basis of "race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). Absent direct evidence of discrimination, a plaintiff asserting a Title VII racial discrimination claim must establish: (1) membership in a protected class; (2) qualification for the position; (3) an adverse employment action; and (4) facts giving

3

rise to an inference of discrimination on the basis of race. *Robinson v. American Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014).

Along with the instant complaint, plaintiff submitted a copy of the September 8, 2020 right-to-sue notice he received from the EEOC. Plaintiff filed the instant complaint on October 22, 2020. It therefore appears this action is timely filed. *See Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1847 (2019) (discussing the process of filing a charge with the EEOC and the complainant's option thereafter to bring suit against the employer in federal court within 90 days of receipt of a right-to-sue notice). However, because plaintiff did not provide a copy of the charge of discrimination he filed with the EEOC, the Court is unable to determine whether he exhausted his administrative remedies with respect to the Title VII claims he asserts against LMI, as he is required to do. *See Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)) (under Title VII, a plaintiff must exhaust his administrative remedies before bringing suit in federal court). Plaintiff will be given the opportunity to provide a copy of the charge of discrimination he filed with the EEOC. Plaintiff will be deemed to have exhausted his administrative remedies only as to allegations that are "like or reasonably related to the substance of charges timely brought before the EEOC." *Id.* (quoting *Williams,* 21 F.3d at 222). This exhaustion requirement is inapplicable to plaintiff's 42 U.S.C. § 1981 claims.

The Court now turns to plaintiff's claims against Hadgedorn, Green, and Dewalt. Plaintiff's Title VII claims against these defendants are subject to dismissal, as individual employees cannot be held individually liable under Title VII. *See McCullough v. Univ. of Arkansas for Medical Sciences*, 559 F.3d 855, 860 n.2 (8th Cir. 2009) (citing *Bonomolo–Hagen v. Clay Central-Everly Community School Dist.*, 121 F.3d 446, 447 (8th Cir.1997) (per curiam)).

Regarding plaintiff's § 1981 claims, plaintiff does not allege sufficient facts to state a claim against Hadgedorn, Green, and Dewalt. Plaintiff does not allege that any of these defendants were involved in any of the allegedly discriminatory conduct he describes in the complaint. Plaintiff does allege that these defendants were present at the May 22, 2020 meeting and that Hagedorn told him his employment was terminated, but he alleges no facts permitting the inference that such conduct was discriminatory. In consideration of plaintiff's *pro se* status, the Court will give him the opportunity to file an amended complaint to clearly set forth his claims.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's Employment Discrimination Complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). In the "Caption" section of the form, plaintiff should write the name of each defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.

In setting forth his statement of claim, plaintiff must describe specifically the conduct he believes was discriminatory, and must describe how each named defendant was involved in the conduct. Plaintiff is required to explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a

claim.").

Plaintiff will have thirty days to file an amended complaint, accompanied by a copy of the charge of discrimination he filed with the EEOC. Plaintiff is reminded that he may only assert claims in this Court that are like or reasonably related to the claims he described in such charge, or they may be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of this order, plaintiff shall file an amended complaint on the court-provided form, accompanied by a copy of the charge of discrimination he filed with the EEOC.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this __23rd__ day of December, 2020.

                                             RODNEY W. SIPPEL
                                             UNITED STATES DISTRICT JUDGE