# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SETONDJI VIRGILE NAHUM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20 CV 1524 RWS |
| LMI AEROSPACE, INC. et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me upon Plaintiff Setondji Virgile Nahum's submission of an amended complaint, along with copies of administrative documents previously filed with the Equal Employment Opportunity Commission ("EEOC"). Having reviewed the amended complaint and the attached administrative documents, it appears this action is timely filed and that Nahum has exhausted administrative remedies. I will therefore require LMI Aerospace, Inc. to respond to the amended complaint. To the extent Nahum can be understood to assert Title VII claims against defendants Tad DeWalt, Brandy Hadgedorn and Beverly Green, such claims will be dismissed because individual employees cannot be held liable under Title VII. *See McCullough v. Univ. of Arkansas for Med. Sci.*, 559 F.3d 855, 860 n.2 (8th Cir. 2009) (citing *Bonomolo–Hagen v. Clay Cent.-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam)). However, Nahum's 42 U.S.C. § 1981 claims against these defendants will be allowed to proceed.

Nahum has also filed a motion for the appointment of counsel. The motion will be denied at this time without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citation omitted). When determining whether to appoint counsel for an indigent litigant, a court considers

factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.* After considering these factors, I conclude that the appointment of counsel is unwarranted. Based upon the amended complaint, it does not appear that this case is factually or legally complex, nor does it appear that Nahum will be unable to investigate the facts or clearly present his claims. Additionally, the motion is premature, as the defendants have yet to be served with process and discovery has not begun. I will therefore deny the motion for the appointment of counsel without prejudice and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Title VII claims against Tad DeWalt, Brandy Hadgedorn and Beverly Green are **DISMISSED**. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendant LMI Aerospace, Inc. via its registered agent, CT Corporation System, 120 South Central Ave., Clayton, MO 63105.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendant Tad DeWalt at 6325 Avantha Dr., Washington, MO 63090.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendant Brandy Hadgedorn at 6325 Avantha Dr., Washington, MO 63090.

2

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendant Beverly Green at 6325 Avantha Dr., Washington, MO 63090.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, [ECF No. 7], is **DENIED** without prejudice.

／s／ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2021.