UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SETONDJI VIRGILE NAHUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20 CV 1524 RWS |
| ) | |
| LMI AEROSPACE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before me on three discovery motions pending in this case. Plaintiff Setondji Virgile Nahum filed a motion to compel discovery responses on April 21, 2022, followed by a motion for issuance of third-party subpoenas on April 25, 2022. On April 27, 2022, Defendant LMI Aerospace filed both a motion to quash the subpoenas and a response in opposition to the motion to compel. Given Nahum's pro se status, I issued an order directing him to file a reply to "either or both of LMI's most recent filings," if he wished to do so, no later than May 13, 2022. He timely filed a reply.

*Nahum's motion to compel*

Nahum represents that the 34,000 pages of documents that LMI produced are "severely deficient…with a mean average duplicate pages of 15 pages and a true production of approximately 30 unique pages." He alleges that LMI did not identify

1

which pages correspond to each request for production and "essentially provided nothing but duplicates of multiple irrelevant and seldomly related materials." He also represents that LMI refused to meet and confer before he filed this motion, an allegation that LMI contests.

In his motion to compel, Nahum identified 40 specific items that he believes LMI did not produce. LMI addressed each item in its response in opposition. I will do the same here.

1. Request: The plaintiff first refers to the Plaintiff's First request for the Production of documents, materials, and information and the Plaintiff's First Set of Interrogatories, which are provided here in Appendix D to demonstrate all the materials not produced by the defendants and how the defendant's production is severely deficient.
   LMI's Response: Unless Nahum specifically identifies which objections and requests he takes issue with, LMI cannot respond to this request.

I agree with LMI. This is a vague statement that does not identify specific deficiencies in LMI's production and responses.

2. Request: Manufacturing Engineer, Quality Engineer, and Inspectors Job Descriptions.
   LMI's Response: LMI has produced job descriptions for the Manufacturing Engineer and Quality Engineer positions.

In his reply brief, Nahum agrees that LMI produced the Manufacturing Engineer position description after the motion to compel was filed but did not produce the Quality Engineer and Quality Inspection position descriptions as requested. If LMI has not done so, it must produce these descriptions.

3. Request: Employee Handbook.

2

<u>LMI's Response</u>: LMI has produced the Employee Handbook.

In his reply, Nahum does not contest LMI's allegation that it has produced the handbook. If the handbook has in fact been produced, LMI has complied with this request.

4. <u>Request</u>: At-Will Employment Definition, Contract, Contract Terms, Signed documents and legally binding affirmations.
<u>LMI's Response</u>: LMI did not have a contract with Nahum; he was an at-will employee. LMI has produced its offer letter and employee handbook which discusses at-will employment.

If LMI did not have a contract with Nahum, then it cannot produce one in response to this request.

5. <u>Request</u>: Defined Goals and Objectives, Goals and Objectives Definition policies procedures and practices.
<u>LMI's Response</u>: LMI believes this request relates to Request for Production No. 4 to which LMI previously objected. It has now produced the entire contents of Nahum's Outlook mailbox and all Skype chats mentioning him.

Request for Production ("RFP") No. 4 requested "a copy of all and any goals and objectives definition, performance evaluations, performance records and management communication pertaining to the plaintiff's performance." As LMI represents several times throughout its response brief, Nahum did not receive any formal performance evaluations.

As previously discussed, LMI cannot produce documents that do not exist. If LMI does not have documents containing this information, it has fully complied with this request.

3

6. Request: Employment Performance Evaluation Policy, Procedures and Practices
   LMI's Response: There are no formal performance evaluations due to the short length of Nahum's employment.  The employee handbook addresses discipline.

See above.

7. Request: Employment Performance Measurement and Monitoring Policies, Procedures and Practices
   LMI's Response: There were no requests for this information.

8. Request: Employment Performance Driven Probation and Mentoring Policies, Procedures and Practices
   LMI's Response: There were no requests for this information.

9. Request: Employment Performance Related Termination Policies, Procedures and Practices
   LMI's Response: There were no requests for this information.

It appears that this information was requested in RFP No. 9, to which LMI objected on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time and scope, not relevant, and not proportional to the needs of the case. LMI has since produced its employee handbook, which, according to some of LMI's other responses, appears to contain some of this information.

I agree that RFP No. 9 is overly broad and not reasonably limited in time and scope.  However, the information sought is relevant to Nahum's claim.  As a result, I will grant him leave to amend his request to seek more specific information.

10. Request: Discrimination, Harassment and Bullying Policies, Procedures and Practices
    LMI's Response: These policies are in the employee handbook.

4

If there are no other documents containing these policies, then LMI has complied with this request.

11. Request: Employee Corrective Action and related Fact-Finding Policies, Procedures and Practices
    LMI's Response: LMI believes this request relates to Request for Production No. 10, to which LMI previously objected. It has now produced the employee handbook which contains information about corrective action.

RFP No. 10 sought "all company and human resources procedures, policies and documentation pertaining to performance issues, corrective action process and any related fact-finding process." LMI objected to this request on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time and scope, not relevant, and not proportional to the needs of the case.

As with RFP No. 9, I will grant Nahum leave to amend this request to seek more specific information.

12. Request: Governing Employment Contract, Policies, Procedures and Practices Terms and Specifications
    LMI's Response: There was not a request for this information. Furthermore, there is no contract with Nahum since he was an at-will employee.

See No. 4.

13. Request: Guideline for Employee Termination and Employee Termination Policies, Procedures and Practices
    LMI's Response: There were no requests for this information. Furthermore, there is no contract with Nahum since he was an at-will employee. Additionally, LMI finds the request vague, confusing, and repetitive.

    See above (Nos. 7-9).

14. <u>Request</u>: All Human Resources Policies, Procedures and Practices governing the plaintiff's employment with LMI Aerospace
   <u>LMI's Response</u>: There were no requests for this information.

See above (Nos. 7-9).

15. <u>Request</u>: Employment Classifications, Leave and Time-Off Benefits, Meals and Break Periods, Timekeeping and Pay
   <u>LMI's Response</u>: LMI believes this request relates to Request for Production No. 9, to which LMI previously objected.  It has now produced the employee handbook.

See above (Nos. 7-9.)

16. <u>Request</u>: Employee Code of Conduct and Ethics Policy, Procedures and Practices
   <u>LMI's Response</u>: LMI has produced the employee handbook.

If there are no other documents containing these policies, then LMI has complied with this request.

17. <u>Request</u>: Documented Performance issues Vs. Relevant LMI Aerospace Policy
   <u>LMI's Response</u>: LMI has produced the employee handbook which contains information about corrective action and performance.  In addition, LMI has produced information about Nahum's performance, including statements made by coworkers, at least one company document that he wrote profanity on, and emails. Nahum has not identified why he thinks LMI's responses are deficient.

18. <u>Request</u>: Documented Goals and Objectives Vs. Relevant LMI Aerospace Policy
   <u>LMI's Response</u>: see previous response.

19. <u>Request</u>: Undertaken Corrective Actions Vs. Relevant LMI Aerospace Policy

6

<u>LMI's Response</u>: see previous response.

Nahum did not explain how the documents LMI described are deficient. As a result, I find that LMI has complied with this request.

20. <u>Request</u>: All Completed Reg Tags and solutions issued by the plaintiff
    <u>LMI's Response</u>: LMI believes this request relates to Request for Production No. 3, to which LMI previously objected. LMI reiterates its objection.

RFP No. 3 sought "all materials, instructions, regulations, references, resources, requests, comments, deliverables pertaining to all assignments and work completed by [Nahum]." LMI objected to this request. I will overrule the objection. The request seeks information relevant to Nahum's claim that he was terminated on account of his race, not because of poor performance, as LMI argues. Furthermore, as LMI has itself emphasized throughout this litigation, Nahum was only employed for nine weeks. The request is therefore necessarily limited in time and scope.

LMI has not objected to the production of this information on any other grounds. As a result, the objection is overruled and LMI must produce the requested information.

21. <u>Request</u>: Specific Employment Yearly Goals and Objectives Definition and Employment Performance Evaluation for the Plaintiff
    <u>LMI's Response</u>: Nahum never received a formal performance evaluation.

If no performance evaluations exist, LMI has complied with this request.

22. <u>Request</u>: Public Records and Public Testimonies and Records pertaining to LMI Aerospace and The LMI Aerospace Washington, MO Site where the Facts pertaining to this case occurred
<u>LMI's Response</u>: LMI believes this request relates to Request for Production No. 15, to which LMI previously objected. LMI reiterates its objection.

I will sustain LMI's objection to this request. RFP No. 15 is vague, ambiguous, overly broad, and not limited in time or scope.

23. <u>Request</u>: Any and all documents that support or counter the defendants position that they did discriminate against the plaintiff on the basis of race or that they did not discriminate against the plaintiff on the basis of race
<u>LMI's Response</u>: LMI has produced documents regarding his brief employment and termination.

Nahum did not explain how the documents LMI produced are deficient. As a result, I find that LMI has complied with this request.

24. <u>Request</u>: All documents related to the "Wrongful Termination" of the Plaintiff's employment including but not limited to measured employment performance records, employment probation, employment mentoring, employment termination document, employment severance document and associated policies, procedures, and practices
<u>LMI's Response</u>: LMI believes this request relates to Request for Production No. 21, to which LMI previously objected. LMI reiterates its objection.

RFP No. 21 sought "any and all documents related to the 'Wrongful Termination' of the plaintiff's employment." LMI objected, arguing that the request improperly states a legal conclusion and is argumentative. I will sustain the objection because the information sought in this request mirrors that sought in other RFPs.

25. <u>Request</u>: Any and all documents or tangible things that support or undermine the defendants' defense against the plaintiff in this matter
<u>LMI's Response</u>: LMI has produced documents regarding his brief employment and termination.

See No. 23.

26. <u>Request</u>: Written Records of Unsatisfactory Employment Work Performance Vs. Defined LMI Aerospace Company Employment Performance Policies, Procedures and Practices
<u>LMI's Response</u>: This is a repetitive request.

I agree with LMI's characterization of this request. The information sought mirrors that sought in other RFPs.

For items 27-40, LMI asserted the same response: "these are new items that do not appear in the existing Requests for Production" and Nahum "cannot seek court intervention for items to which [LMI] has never had an opportunity to formally respond." I have compared these requests with the original RFPs and find that this is a mostly accurate characterization. While several of these requests seek information relevant to Nahum's claim, he cannot seek to compel production of documents he did not request. However, No. 33 requests the "Contents of Folders labelled "Snips," "Issues_Snips," "Scenario Examples" and "Proofs" which were saved on the plaintiff desktop." This request was encompassed by RFP No. 1, which requested production of Nahum's computer with "all programs, settings, files, folders, items, and all emails" that existed on the day he was fired. While LMI has understandably not provided the computer itself, it has already produced Nahum's

9

entire Outlook mailbox and has not offered any explanation as to why it cannot also produce the folders requested. As a result, LMI must produce this information.

*Nahum's motion to issue third-party subpoenas and LMI's motion to quash*

Nahum seeks to issue third-party subpoenas to ten of LMI's customers: The Defense Logistics Agency; Lockheed Martin; Boeing Company; GKN Aerospace; Gulfstream Aerospace Corporation; Bombadier, Inc.; Spirit AeroSystems, Inc.; Triumph Group; Cymer, LLC; and The Defense Contract Management Agency. Each subpoena seeks:

> Any and all records concerning LMI Aerospace, Inc. and the LMI Aerospace Inc, Washington, MO Site present and/or past contracts and supplier contracts with [the customer], including but not limited to the entire company profile, disciplinary actions, performance reviews, supplier performance records, non-conformances and records, audits and records, and complaints made by [the customer] regarding: performance, non-conformances, product quality and or incidence investigation reports revealing defective and faulty parts from LMI Aerospace Inc.

Nahum contends that these subpoenas are necessary for three reasons. First, he believes that the records sought will reveal information that supports his claim of racial discrimination "while dismantling any reasonable doubts [about] the ridiculously false argument and excuse of unsatisfactory performance" that LMI has raised as justification for his termination. He also argues the information will show how LMI "knowingly and purposely forced [him] into an impossible toxic circumstances and role that differs from the position interviewed for and agreed upon

per employment offer and contract." Finally, the information will demonstrate "how the defendants fabricated, planned and purposely set-up all the negative and toxic circumstances pertaining to this wrongful termination."

In its motion to quash, LMI argues that the proposed subpoenas are vague, ambiguous, overbroad, and seek information that Nahum can obtain in other ways. LMI lacks standing to challenge the subpoenas on these grounds. See Mayhall v. Berman & Rabin, P.A., 2013 WL 4496279, at *3 (E.D. Mo. Aug. 21, 2013). However, LMI also argues that its motion should be granted because the subpoenas seek information that is both irrelevant to Nahum's case and is proprietary and confidential. Streck, Inc. v. Research & Diagnostic Sys., Inc., 2009 WL 1562851, at *3 (D. Neb. June 1, 2009) (citations omitted) (standing exists if a party "object[s] to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested").

I agree that the proposed subpoenas seek information that is irrelevant to Nahum's claim of termination based on racial discrimination. LMI represents that it has had ongoing contractual relationships with some of these clients for at least ten years. It is unclear how records from these companies, spanning potentially a decade, will provide insight into whether LMI fired Nahum because of his race after nine weeks of employment. Furthermore, I take seriously LMI's concerns about the

11

release of potentially privileged and proprietary information. As a result, I will grant LMI's motion to quash.

Finally, in his recent filings, Nahum has repeatedly expressed his belief that I have treated him unfairly throughout this case by, among other things, extending discovery timelines, overruling his objections to LMI's written discovery requests, and not allowing him to assert additional objections to those requests. I will not address these complaints in detail here. However, I will remind Nahum that "a pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery." Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000). I have given Nahum additional time to submit filings even when he has not requested extensions of time.[1] I have held hearings via Zoom at his request. I ordered LMI to take his deposition on a weekend, over counsel's objection, because he represented that it would be ideal for his schedule. Although Nahum has been unhappy with some of my rulings, I have applied the same legal standards in my review of both parties' discovery requests.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Setondji Virgile Nahum's motion to compel, [69], is **GRANTED** in part and **DENIED** in part, as detailed above.

---

[1] For example, at the hearing held on March 30, 2022, I ordered both parties to submit their proposed protective orders for my review by end of business on Friday, April 1, 2022. LMI timely submitted its version. I waited until Tuesday, April 5, 2022 before entering LMI's proposed order, purposely giving Nahum extra time to file his version, but he never did.

**IT IS FURTHER ORDERED that** Plaintiff Setondji Virgile Nahum's motion for issuance of third-party subpoenas, [70], is **DENIED**.

**IT IS FURTHER ORDERED that** LMI Aerospace's motion to quash, [72], is **GRANTED**.

                                                            _____
                                                            RODNEY W. SIPPEL
                                                            UNITED STATES DISTRICT JUDGE

Dated this __7th__ day of June, 2022.