UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SETONDJI VIRGILE NAHUM,           )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )        Case No. 4:20 CV 1524 RWS
                                  )
LMI AEROSPACE, INC.,              )
                                  )
            Defendant.            )

**MEMORANDUM AND ORDER**

This matter is before me on three discovery motions pending in this case.[1]

Defendant LMI Aerospace, Inc.'s July 26, 2022 motion for a protective order

concerns Plaintiff Setondji Virgile Nahum's proposed deposition topics, pursuant to

Fed. R. Civ. P. 30(b)(6).  On August 11, 2022, Nahum filed a motion to compel

responding to the issues raised in LMI's motion. He filed an additional motion to

compel regarding his second set of Requests for Productions (RFPs) on August 12,

2022.

I attempted to hold a hearing on all of these motions on August 19, 2022.

Mindful of the quickly-approaching discovery completion deadline, I was prepared

to discuss each item in this order with the parties and to rule from the bench at that

---

[1] There is a fourth motion to compel, filed by LMI, pending.  However, I will not address it in this
order because Nahum has not yet filed a response to the motion and still has time to do so.

hearing.   However, Nahum's contumacious conduct prevented the hearing from proceeding.

*LMI's motion for a protective order and Nahum's motion to compel*

LMI objected to 22 of Nahum's 27 proposed 30(b)(6) topics.

1. <u>Topic</u>: Manufacturing Engineering Job Posting
   <u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly broad, not limited in time and scope.
2. <u>Topic</u>: Manufacturing Engineering Candidate Pool
   <u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly broad, not limited in time and scope, seeks private and confidential information about non-party applicants.
3. <u>Topic</u>: Manufacturing Engineering Position Interviews, Interviewees, Selection Criteria and Performances
   <u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly broad, not limited in time and scope, seeks private and confidential information about non-party applicants.
4. <u>Topic</u>: Measured and Recorded Performance of Setondji Nahum during all Manufacturing Engineering position Interviews
   <u>LMI's Response</u>: Not probative or relevant, vague and ambiguous.

These topics concern information that predates Nahum's tenure with LMI.  As I have emphasized on several occasions, this is not a failure to hire case, and information from the interviewing process is not relevant to Nahum's claim that his employment with LMI was terminated on account of his race.

5. <u>Topic</u>: The Hiring of Setondji Nahum as a Manufacturing Engineer
   <u>LMI's Response</u>: Not probative or relevant; however, subject to these objections, LMI will produce a witness to testify regarding Nahum's employment.

LMI has agreed to produce a witness to testify about Nahum's employment, which will naturally include discussion of his hiring.

6. <u>Topic</u>: All company policies, Human Resources polices, agreement, Contract and terms that govern the Setondji Nahum Employment offer and Employment
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, not limited in time and scope; however, subject to these objections, LMI will produce a witness to testify about the offer letter he received and policies in the employee handbook.

LMI has agreed to produce a witness.  It appears that the witness will be able to adequately address the issues raised in this topic.

7. No objection

8. No objection

9. <u>Topic</u>: Tasks and Deliverables Completed by Setondji Nahum
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly broad and not limited in scope; however, subject to these objections, LMI will produce a witness to testify about the work that Nahum completed.

10. <u>Topic</u>: Setondji Nahum performance and defined goals, objectives, and performance evaluation
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly broad and not limited in scope; however, subject to these objections, LMI will produce a witness to testify about Nahum's job performance.

LMI has agreed to produce a witness to testify about Nahum's job performance.

11. <u>Topic</u>: Email Communications
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly broad and not limited in time and scope.

3

I agree with LMI: this is a vague and ambiguous request that is not limited whatsoever in time and scope.  I will sustain the objection.

12. <u>Topic</u>: Circumstances of Setondji Nahum Employments, Occurrences and Complaint
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous.

This topic, while vague, appears to concern Nahum's overall job performance and employment history with LMI, which is encompassed by Topic Nos. 5, 9, and 10.  LMI has agreed to produce witnesses to testify about these topics.

13. <u>Topic</u>: Actions Taken pertaining to circumstances surrounding Setondji V. Nahum Employment including actions taken against other employees
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly broad and not limited in time and scope.

This is a vague, broad topic that is not limited in time and scope.  Furthermore, like the previous topic, it appears to seek information that is encompassed in other topics.  However, if Nahum can identify a *specific* employee who was similarly-situated to him in all relevant respects, he may amend this request to seek information about that individual.

14. <u>Topic</u>: Quality evaluations and audits and state of Quality department prior to the arrival and assignment of Setondji Nahum to the Interim Quality position
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly broad and not limited in time and scope.

This is a broad topic that is not limited in time and scope.  Furthermore, it is unclear how this topic is relevant to Nahum's claim of discrimination.  I will sustain the objection.

4

15. <u>Topic</u>: Issuance of non-investigated safety violation to Setondji Nahum
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous; however, subject to these objections, LMI will produce a witness to testify "regarding the documented near miss [Nahum] received for failure to wear protective eye wear."

LMI has agreed to produce a witness to testify regarding Nahum's alleged safety violation.

16. <u>Topic</u>: Racial Discrimination, Harassment and Bullying
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly broad and not limited in time and scope, assumes facts not in evidence, appears to seek private/confidential information about non-parties to this litigation.

I agree with LMI: this is a vague and ambiguous request that is not limited whatsoever in time and scope.  I will sustain the objection.

17. <u>Topic</u>: Differential Treatments of Setondji Nahum Versus Peers and Other employees
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly broad and not limited in time and scope, assumes facts not in evidence.

This is a vague, broad topic that is not limited in time and scope.  However, as explained above, if Nahum can identify a specific employee who was similarly-situated to him in all relevant respects, he may amend this request to seek information about that individual.

18. <u>Topic</u>: Third Party issuance of accounts and access rights to necessary materials to support assigned role.
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly broad and not limited in time and scope.

It is unclear what this proposed topic concerns.  As a result, I will sustain

LMI's objection.

19. No objection

20. Topic: Communication between LMI Aerospace and Third-Party individuals
and entities pertaining to Setondji V. Nahum
LMI's Response: Not probative or relevant, vague and ambiguous, overly
broad and not limited in time and scope, assumes facts not in evidence, seeks
information protected by the attorney-client privilege and work product
privilege.

This topic is irrelevant to Nahum's claim that he was terminated on account

of his race.  Additionally, it seeks information that would likely be privileged.  As a

result, I will sustain the objection.

21. Topic: Handling of Setondji V Nahum work laptop, notes, and deliverables
after his employment termination
LMI's Response: Vague and ambiguous as to "notes and deliverables;"
however, subject to this objection, LMI will produce a witness to testify about
the handling of Nahum's computer after his termination.

LMI has agreed to produce a witness to testify about the handling of Nahum's

computer.  It seems that "notes and deliverables" refers to Nahum's work product;

however, I will allow him to clarify this part of his request.

22. Topic: Communication by employees pertaining to Setondji Nahum well after
his employment termination and his departure from the company
LMI's Response: Not probative or relevant, vague and ambiguous, overly
broad and not limited in time and scope.

It is unclear how communications between other employees from "well after"

Nahum's termination are relevant to his claim.  As a result, I will sustain LMI's

objection.

23. <u>Topic</u>: Employment hiring and termination statistics by LMI Aerospace and
specifically the Washington, MO Site
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly
broad and not limited in time and scope.

I agree with LMI: this topic is not limited whatsoever in time and scope.  I

will sustain the objection.

24. <u>Topic</u>: Legal action taken against LMI Aerospace by Other individuals and
entities including government and private entities
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly
broad and not limited in time and scope, assumes facts not in evidence, seeks
information protected by the attorney-client privilege and/or work product
privilege.

25. <u>Topic</u>: Defamation and discrimination legal actions taken against LMI
Aerospace and specifically its Washington, MO site by other individuals
<u>LMI's Response</u>: Not probative or relevant, vague and ambiguous, overly
broad and not limited in time and scope, assumes facts not in evidence, seeks
information protected by the attorney-client privilege and/or work product
privilege.

I agree with LMI: these topics are not limited whatsoever in time and scope

and seek information that is irrelevant to Nahum's claim of discrimination.  I will

sustain LMI's objections.

26. <u>Topic</u>: Interrogatories and production responses
<u>LMI's Response</u>: Overly broad, vague and ambiguous.

Nahum has LMI's responses to his interrogatories and the information that

LMI produced in response to his RFPs.  It is unclear from this topic what additional

information he wishes to glean about this written discovery via a deposition.  I will sustain the objection.

27. No objection

*Nahum's second motion to compel*

Nahum's second motion to compel, filed August 12, 2022, concerns his second set of RFPs.  He issued 26 requests and LMI objected to all of them.

1. Request: Employment Tasks assigned to Other Manufacturing Engineers Vs. Employment Tasks Assigned to the Plaintiff
   LMI's Response: Vague and ambiguous, overly broad and not limited in time and scope, irrelevant because Nahum was in the Quality Department during his entire employment.

At the hearing, Nahum represented that when he was hired, he believed that he would work exclusively as a Manufacturing Engineer.  However, the parties agreed that he ultimately worked in the Quality Department for his entire tenure at LMI.  Based on this information, I attempted to explain that comparing the tasks performed by a Manufacturing Engineer with those performed by an engineer who worked solely in the Quality Department would have no bearing on a claim of disparate treatment.  As a result, I will sustain LMI's objection to this request.

2. Request: Employment Tasks assigned to the White Manufacturing Engineer (Brian Coleman) hired immediately prior to the plaintiff Vs. Employment Tasks Assigned to the Plaintiff
   LMI's Response: Vague and ambiguous, not relevant because Mr. Coleman is not a comparator of Nahum; however, LMI produced his personnel file and emails related to his move from a different LMI location.

As discussed above, a comparison of the tasks performed by employees in two different roles does not help establish a prima facie case of disparate treatment. Furthermore, despite the irrelevance of this information, LMI has produced Mr. Coleman's personnel file and related email communications.  As a result, I will sustain LMI's objection to this request.

3. <u>Request</u>: Actions Taken by the Company against other white engineers and managers when the Black plaintiff demonstrated deficiencies with their deliverables
   <u>LMI's Response</u>: Vague and ambiguous, irrelevant, seeks private and confidential disciplinary information of non-party employees.

4. <u>Request</u>: Actions Taken by the Company against other white employees and managers for all the work deliverable deficiencies, poor performance; engineering and manufacturing issues; and non-compliances resolved by the Black Plaintiff
   <u>LMI's Response</u>: Vague and ambiguous, irrelevant, seeks private and confidential disciplinary information of non-party employees.

5. <u>Request</u>: Actions taken by the company when the plaintiff reported illegal intrusion, theft or displacement of critical work materials, and obvious malicious intrusions with issue recording access database with provided proof
   <u>LMI's Response</u>: Vague and ambiguous, irrelevant, seeks private and confidential disciplinary information of non-party employees.

I will sustain the objections to these requests.  These issues are irrelevant to Nahum's claim that he was terminated on account of his race.

6. <u>Request</u>: Timeline and occurrences surrounding reimbursement of plaintiff relocation fees Vs. defined guideline and timeline for reimbursing employee for relocation fees. (Please *note that this differs from family relocation reimbursement terms but rather in this case is specific to the plaintiff's relocation.*)
   <u>LMI's Response</u>: Vague and ambiguous, irrelevant.

I will sustain the objection.  This issue is irrelevant to Nahum's claim that he

was terminated on account of his race.

7. <u>Request</u>: Contents of Folders labelled "Snips", "Issues_Snips", "Scenario
   Examples" and "Proofs" which were saved on the plaintiff desktop and is
   literally impossible not to recover.
   <u>LMI's Response</u>: LMI represents that the computer Nahum used was wiped
   and reimaged after Nahum's termination, per company procedure, and LMI
   no longer has access to all of the data that was on his computer.  LMI has
   produced Nahum's OneDrive, which includes his "Desktop" folder.

I previously ordered LMI to produce these specific documents.  However,

LMI now represents that it cannot recover these documents, an assertion that I accept

as true.  If the documents do not exist, LMI cannot produce them, and has complied

with this request to the extent possible.

8. <u>Request</u>: The plaintiff re-asserts the necessity for the defendants to produce
   skills assessment and performance evaluation of the plaintiff through
   multiples interviews completed prior to the plaintiff hiring and job offer for
   the Manufacturing Engineering position at LMI Aerospace.
   <u>LMI's Response</u>: Repetitive of requests the Court has already sustained
   objections to, vague and ambiguous, broad, not limited in scope, irrelevant.

As stated previously, information from the interview process is not relevant

to Nahum's claim that his employment with LMI was terminated on account of his

race.

9. <u>Request</u>: Reasons for Plaintiff's Employment Termination
   <u>LMI's Response</u>: Repetitive request.

LMI has already produced documents responding to this request, "including

written statements from co-workers regarding [Nahum's] interactions with the

team…and emails and other documents related to his poor interactions with customers and other performance issues."  Nahum has not addressed the production of these documents or explained why he finds this production deficient.  I will sustain the objection.

10. Request: Reasons for forcing the plaintiff into an interim quality inspection position in violation of agreed-upon employment terms and contracts.
LMI's Response: Repetitive request, assumes facts not in evidence, Nahum did not have an employment contract; however, subject to these objections, LMI provided a list of transfers into different departments, including the Quality Department, that occurred within 1 year of his employment.

LMI has provided a list of employees who were transferred into different departments.   LMI represents that "transfers between Departments at the Washington, MO location are common, and occur when there is a business need." The list contains the names of the employees who were transferred, their race/ethnicity, and their hire dates.  It does not identify their departments.  LMI should amend the list to include this information.

11. Request: Records of employee employment termination statistics by LMI Aerospace (Washington, MO Site): Termination Rate of Black Employees employments Vs. Termination Rate of White Employees Employment.
LMI's Response: Vague and ambiguous, overly broad and not limited in time and scope, irrelevant, seeks private confidential personnel information of non-party employees.

I agree that this is a vague and ambiguous request that is not limited whatsoever in time and scope.  Furthermore, the information requested is not relevant to Nahum's claim of discrimination.  I will sustain the objection.

12. Request: Plaintiff's Customers and Suppliers' Portal and Account Access Timeline Vs. Defined timeline and Timeline for other white employees.
   LMI's Response: Vague and ambiguous, overly broad and not limited in time and scope, irrelevant.

I agree that this is a vague and ambiguous request that is not limited whatsoever in time and scope.  I will sustain the objection.

13. Request: Statistical Records of White Engineer Employees Terminated after 9 weeks of employment by LMI Aerospace (Washington, MO) Site.
   LMI's Response: Vague and ambiguous, overly broad and not limited in time and scope, irrelevant, seeks private confidential disciplinary information of non-party employees.

As discussed above (see Nos. 1-2), comparing Nahum's employment history with that of LMI employees who held different roles does not help establish a prima facie case of disparate treatment.  Additionally, this request is not limited in time and scope.  I will sustain the objection.

14. Request: Statistical Records of how a duration of 9 weeks of employment is sufficient for the acquisition of Aerospace Engineering and Aircraft Manufacturing proprietary engineering, design, manufacturing, and quality knowledge that is specific and unique to each Aircraft Manufacturing and Aerospace Company.
   LMI's Response: Vague and ambiguous, broad, not limited in time and scope, not relevant.

I will sustain the objection.  This request is vague and the issue is irrelevant to Nahum's claim that he was terminated on account of his race.

15. Request: LMI Aerospace Inc.'s Employment Performance Measurement and Monitoring Policies, Procedures and Practices.
   LMI's Response: Vague and ambiguous, broad, not limited in scope, repetitive.

16. Request: LMI Aerospace Inc.'s Employment Performance Driven Probation and Mentoring Policies, Procedures and Practices.
    LMI's Response: Vague and ambiguous, broad, not limited in scope, repetitive.

17. Request: Employment Performance Related Termination Policies, Procedures and Practices.
    LMI's Response: Vague and ambiguous, broad, not limited in scope, repetitive.

18. Request: Specific LMI Aerospace Inc.'s Policies that discuss the procedures to be followed and the actions to be undertaken to record, document, investigate, and handle an alleged poor employee performance.
    LMI's Response: Vague and ambiguous, broad, not limited in scope, repetitive.

Nahum has requested this information previously.  In my June 7, 2022 memorandum and order, I noted LMI's representation that most of this information is contained in the company's employee handbook, which LMI had produced for Nahum's review, and I granted Nahum leave to amend his request to seek more specific information that is not contained in the handbook.  I do not agree that these requests are vague and ambiguous, too broad, or not limited in scope.  If the information encompassed by these RFPs is not contained in the handbook, LMI must produce this information.

19. Request: *Never minding Semantics and contrary to circumstances being portrayed by the defendants, the plaintiff's employment was governed by multiple sets of contractual terms, employment terms and regulations. For example, the plaintiff could not have imposed a new salary term to LMI Aerospace upon his 1st day of employment or at any point of his employment. If not describe under the simple label of the word "Contract", they are nevertheless a set of rules and regulations that govern the plaintiff's employment terms with LMI Aerospace Inc. Thus, the plaintiff is requesting*

*here that the defendants produce:* the sets of rules and regulations that governed the plaintiff's employment with LMI Aerospace Inc.

LMI's Response: Vague and ambiguous, overly broad, not limited in time and scope, repetitive, argumentative, assumes facts not in evidence.  Nahum was an at-will employee and did not have a contract.

Nahum has repeatedly requested this information.   LMI has repeatedly asserted that he was an at-will employee and did not have a contract.  A party cannot produce documents that do not exist.

20. Request: Similarly, to the above, the plaintiff is requesting here that the defendants produce: LMI Aerospace Inc. Human Resources Policies, Procedures and Practices governing the plaintiff's employment with LMI Aerospace Inc.

LMI's Response: Overly broad, irrelevant, outside the scope of the lawsuit, repetitive request.

21. Request: LMI Aerospace Inc.'s Written guideline and policies for terminating a full-time salary Exempt employee.

LMI's Response: Vague and ambiguous, not limited in time and scope, repetitive.

See above (Nos. 15-18).

22. Request: The defendants affirmed that the plaintiff's employment was terminated due to performance issues. Thus, the plaintiff hereby simply request that the defendants produce:

• Documented Plaintiff's Employment Performance Complaints including in each cases the individuals issuing the complaints, their roles at the company and the date and time those complaints were issued.

• Performance Issues Investigations Records including Fact-Finding Procedures, Methods, Records, decisions reached for each complaint including for each actions the date and time of their occurrences.

• In each case, specific relevant LMI Aerospace Rules and policy violated by the alleged performance issues provided in sufficient terms and clarity to demonstrate without any reasonable doubt the occurrence of a rule or regulation violation.

LMI's Response: Vague and ambiguous, overly broad and not limited in time and scope, repetitive request.

LMI asserts that it has already produced documents responding to this request, including "written statements from co-workers regarding [Nahum's] interactions with the team…and emails and other documents related to his poor interactions with customers and other performance issues."  Nahum has not addressed the production of these documents or explained why he finds this production deficient.  If there are no other notes or records about investigations that LMI conducted into Nahum's performance, then LMI has complied with this request.

23. Request: Please note that the defendants never produced the above requested documents, but rather generalized statements made by random individuals and a general employee handbook that does not discuss any specific circumstances or regulations pertaining to Poor Employment Performance or any alleged performance issues specific to the plaintiff's employment circumstances.
LMI's Response: Argumentative statement.

This is not a request.  I will sustain the objection.

24. Request: Records of completed investigations and investigation procedures for all complaints issued by the plaintiff to Beverly Green and Tad De Walt including but not limited to:
• Complaint about third parties' malicious access to plaintiff's work computer and access data entry databases
• Complaint about repeated disappearance of critical work materials, job packets and structural parts from plaintiff's office and desk.
• Complaint about false accusations as it pertains to not relaying meeting data and metrics to quality team
• Complaint about false accusations and differential treatment as it pertains to investigating circumstances where the plaintiff instructed that the "green sheet" procedure be followed as opposed to creating new job orders which violated written policies and created a significant bottleneck.

15

• Complaint about the issuance of a non-investigated alleged safety violations due to the plaintiff allegedly not wearing safety glasses on the factory floor
• Complaint about the need for a definition of goals and objectives and a transparent performance tracking and evaluation process
• Complaint about the unethical and potentially unlawful modification of input work materials (such as drawings, order sheets, change notices, change request…etc..) after the plaintiffs' analysis and evaluation in a disturbing attempt to discredit such completed analysis and evaluation and their findings.
• Complaint about the need to be moved into the agreed upon Manufacturing Engineering roles and Tasks.
LMI's Response: Vague and ambiguous, overly broad, not limited in time and scope, seeks irrelevant information, repetitive of other requests.  LMI also notes that Nahum will be able to question Green and DeWalt during their depositions.

See above (No. 22).

25. Request: Complaint about the circumstance of the plaintiff appointment to the interim quality role and the unfair and completely chaotic circumstances the plaintiff was assigned to.
LMI's Response: Vague and ambiguous, not limited in time and scope.

It is unclear what information this RFP seeks.  As a result, I will sustain LMI's

objection.

26. Request: Records of all completed investigations pertaining to all and any matters specific to the plaintiff Setondji V. Nahum throughout his employment with LMI Aerospace (This basically cover just a 9-week period and is not overly broad or burdensome).
LMI's Response: Vague and ambiguous, overly broad, not limited in time and scope, seeks irrelevant information, repetitive of other requests.

See above (No. 22).

Accordingly,

**IT IS HEREBY ORDERED that** Defendant LMI Aerospace's motion for a protective order, [93], is **GRANTED** and Plaintiff Setondji Virgile Nahum's motion to compel, [96], is **DENIED,** except with respect to Topic Nos. 13, 17, and 21.  If Nahum wishes to amend these topics, he must do so no later than **August 26, 2022**.

**IT IS FURTHER ORDERED that** Plaintiff Setondji Virgile Nahum's motion to compel, [98], is **DENIED**, except with respect to RFP Nos. 10, 15-18 (if the information is not contained in the employee handbook, which has already been produced) and 20-21 (same).


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 23rd day of August, 2022.